MaddeN, Judge,
concurring in the result:
This is a suit by an administratrix, claiming that her husband, the decedent, was not subject to section 212 of the Economy Act of 1932. When the word “plaintiff” is used in this opinion, it will mean the decedent.
On April 1,1942 the plaintiff was appointed and commissioned in the Army of the United States, pursuant to the provisions of the Joint Resolution of September 22, 1941, 55 Stat. 728. That Resolution contained this language:
Provided further, That any person appointed as an officer in the Army of the United States under the provisions of this Act shall receive the same pay and allowances and be entitled to the same rights, privileges, and benefits as members of the Officers’ Reserve Corps of the same grade and length of active service: * * *
On July 12,1946 the plaintiff was relieved from active duty and retired for physical disability pursuant to section 5 of the Act of April 3, 1939, as amended, 10 U.S.C. (1952 ed.) 456. The 1939 Act provided that officers and men of the AUS, if they suffered disability in line of duty, should receive the same retired pay as officers and men of the Regular Army.
The Act of July 1,1947, 61 Stat. 238, provided that no existing law should prevent any member of the reserve components of the Armed Forces from accepting a civilian position in the Government and being paid for it, in addition to any pay and allowances to which he might be entitled as a reserve officer or man.
It will be remembered that, in 1947, no retired pay was provided for reserve officers, except in case of disability. There was tío longevity retired pay for reserve officers.
*473 It may be argued that if the plaintiff had, after the 1947 Act, taken a civilian position, he could have been paid for it, in addition to Ms retired pay, under our decision in Tanner v. United States, 129 C. Cls. 792, that retired pay was covered by the “pay and allowance” language of the 1947 Act, and under the provision of the 1941 Joint Resolution that an officer of the AUS should have the same rights, privileges and benefits as a member of the Officers’ Reserve Corps.
The Act of June 29,1948, 62 Stat. 1081, 1087, provided in sec. 301 (a) that the Secretary of the Army was authorized to establish the AUS retired list and place on it the names of officers and former officers theretofore or thereafter retired. Such a list was made and the plaintiff’s name was placed upon it.
Two days after the Act of June 29,1948, the effective date of section 2a of the Joint Resolution of July 25, 1947 arrived, repealing the Joint Resolution of September 22,1941, under which the plaintiff had been appointed. That did not, of course, deprive the plaintiff of his place on the AUS retired list, nor of his retired pay as a disabled AUS officer, wMch had been confirmed only two days before by the Act of June 29 providing for the setting up of an AUS retired list.
The question arises whether the repeal of the 1941 Joint Resolution did more than to remove the authorization granted by that Joint Resolution to the President to appoint officers of the AUS. Specifically, did it take away from AUS officers the rights, privileges and benefits of reserve officers, which the 1941 legislation had granted them?
It would be remarkable if Congress would, by repeal, deprive a former soldier of a valuable right which he had earned under prior law. That suggests an inquiry as to what the plaintiff’s right was, under prior law.
In Tarnier, we held that retired pay was included in “pay and allowances” as those words were used in the 1947 Act. The Government argued in that case that if a reserve officer could receive retired pay and be exempt from the Economy Act, he would have an advantage over retired officers of the Regular Army. We said “The plaintiffs’ answer is that the retired pay of Reserve officers, merely for length of service^ *474 is only a small fractional part of the retired pay of officers of the Regular Army.” 129 C. Cls. at 799.
We are now confronted with the situation in which the plaintiff’s retired pay, based upon service-incurred disability, was exactly the same, pursuant to the 1939 Act, as that of an officer of the Regular Army. He is, therefore, claiming a valuable additional privilege, exemption from the Economy Act, which is denied to Regular Army officers. I do not think that Congress intended such a result, and I would interpret the statutes accordingly. I therefore concur in the dismissal of the plaintiff’s petition.